IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FAHIM AHMAD, | ) |
| Plaintiff, | ) |
| v. | ) No. 12-621-CV-W-DW |
| CAPITAL EXPRESS, INC. and CONTINENTAL INSURANCE CO., | ) |
| Defendants. | ) |

**ORDER**

Before the Court are Defendant Continental Casualty Company's Motion to Dismiss for Failure to State a Claim (Doc. 46) and Defendant Capital Express, Inc.'s Motion to Dismiss Plaintiff's Statutory Claim for Damages and Attorney Fees Under K.S.A. 66-176 for Failure to State a Claim (Doc. 51).

**I. BACKGROUND**[1]

This lawsuit arises from a 2011 motor vehicle accident that occurred in Shawnee, Johnson County, Kansas. Plaintiff, a Kansas resident, brings this suit against Capital Express, Inc. ("Capital Express") and its insurer Continental Casualty Company ("Continental"). Capital Express, a Nebraska corporation, is a motor carrier engaged in trucking in Kansas, Missouri and Nebraska. Continental, an Illinois corporation, is licensed to do business in Missouri.

---

[1] These facts are taken from Plaintiff's First Amended Complaint (Doc. 15), which for the purposes of both defendants' motions, are to be taken as true.

Plaintiff alleges that on November 17, 2011, Benjamin Edge, an employee of Capital Express, was operating a Capital Express vehicle in his course of employment when his vehicle collided with Plaintiff's vehicle. Edge was cited for and found guilty of "Improper Driving on a Laned Roadway - Changed Lanes" in violation of Section 46 of the Standard Traffic Ordinance in Shawnee, Kansas Municipal Court. Plaintiff was injured in the collision and has incurred medical expenses.

Plaintiff's Amended Complaint contains counts against Capital Express and Continental for Negligence, Negligence Per Se, Recklessness, Wantonness or Disregard for the Safety of Others (Count I) and a Statutory Claim for Damages and Attorney Fees Under K.S.A. 66-176 (Count II). Plaintiff seeks compensatory damages, punitive damages and attorney fees in excess of $75,000.

Both Continental and Capital Express bring their motions to dismiss for failure to state a claim pursuant to Rules 12(c) and 12(h)(2) of the Federal Rules of Civil Procedure. Together, these rules provide that a party may file a motion to dismiss for failure to state a claim after the close of pleadings, however that motion shall be construed as a motion for judgment on the pleadings. "Judgment on the pleadings is appropriate if the moving party clearly establishes that there are no material issues of fact and that he is entitled to judgment as a matter of law." Lion Oil Co., Inc. v. Tosco Corp., 90 F.3d 268, 270 (8th Cir. 1996). In reviewing the motion, the court accepts all facts pled by the non-moving party as true and grants all reasonable inferences from the pleadings in the non-moving party's favor. United States v. Any & All Radio Station Transmission

Equip., 207 F.3d 458, 462 (8th Cir. 2000).

## II. CONTINENTAL'S MOTION TO DISMISS

Continental moves to dismiss Plaintiff's claims against it because Missouri law does not allow a party that is not insured under the policy to bring a direct tort action against the insurer. Plaintiff argues that Kansas law applies to this action, and under K.S.A. § 66-1,128, a party not insured under the subject policy may bring a direct tort claim against the insurer of a motor carrier. Continental counters that § 66-1,128 is a procedural rule which does not grant the injured party a substantive right. As such, Continental argues that § 66-1,128 is not applicable in this federal diversity action.

Section 66-1,128 provides that the Kansas Corporation Commission shall not issue any license, certificate or permit to a motor carrier until after the motor carrier files and has approved a liability insurance policy in specified amounts. "Kansas decisional law has construed the statute to allow an injured party to enforce the terms of the policy by bringing a direct action against the insurer." Dechand v. Ins. Co. of State of Pa., 732 F. Supp. 1120, 1122 (D. Kan. 1990) (citing Dunn v. Jones, 53 P.2d 918 (Kan. 1936)). "The liability the insurer assumes in these cases is a tort liability which the insured has from the negligent operation of his business under the permit." Id.

Although the Court was unable to locate a relevant federal case construing the application of K.S.A. § 66-1,128 in a district other than Kansas, the Court found two instructive cases. In Glazier v. Van Sant, this Court reviewed whether an injured party properly brought suit against both the motor carrier and the motor carrier's insurer. 33 F.

Supp. 113 (W. D. Mo. 1940). The action was brought under an Oklahoma statute similar to the Kansas statute at issue here. See id. at 114. The Court noted that the "statute has been so construed by the courts of Oklahoma as to confer the right" to jointly sue both the motor carrier and its insurance company. See id. Therefore, the Court found that "it must be held in this case that the joint suit against the two defendants was proper, although such a procedure is not recognized in the state of Missouri upon claims arising within the state." Id.

Continental argues that Glazier is distinguishable. Although Glazier never directly addressed the issue of whether the Oklahoma statue conferred a substantive or procedural right, the Court cited Mosby v. Manhattan Oil Co., 52 F.2d 364 (8th Cir. 1931) in making its decision. In Mosby, the Eighth Circuit held that a forum state shall enforce a foreign state's substantive laws if not contrary to public policy of the forum state. Therefore, Continental concludes that the Oklahoma statute must have conferred a substantive right rather than a procedural right, unlike the Kansas statute at issue here.

However, review of the other instructive case the Court has found counsels against relying heavily on the 1931 Mosby decision here. In Dechand, a 1990 case brought in the U.S. District Court of Kansas, the motor carrier's insurer argued that "Kansas has determined that [§ 66-1,128] is procedural or remedial rather than substantive, [therefore] a federal court sitting in diversity is precluded from applying the statute, since under Erie[2] the Federal Rules of Civil Procedure generally govern procedural matters." 732 F. Supp.

---

[2] Erie R.R. Co v. Tompkins, 304 U.S. 64 (1938).

at 1122. The court agreed that § 66-1,128 does not confer a substantive right upon the injured party, but noted "that cases subsequent to Erie have refined the substantive/procedural distinction and have held that state procedural rules may be applicable in federal diversity cases if an inequitable administration of law would result in not applying them." Id.

The U.S. District Court of Kansas determined that the plaintiff was able to bring a suit directly against the insurer under § 66-1,128 and denied the insurer's motion for judgment on the pleadings. Id. at 1122-23. The court's decision was based on two considerations. First, the court found no direct conflict between § 66-1,128 and the federal rules governing joinder. Id. at 1122. Second, the court found that a failure to apply § 66-1,128 would result in a material change to the outcome of the action. Id. at 1123.

The Court finds the analysis set forth in Dechand persuasive. Further, holding that Plaintiff may bring suit directly against Continental even though Missouri law does not allow such a procedure comports with this Court's previous holding in Glazier. Therefore, the Court finds that Continental is a proper party to this action under K.S.A. § 66-1,128, and its motion for judgment on the pleadings is denied.

However, a review of the relevant case law has revealed an issue that neither party addressed in its briefing. "Kansas courts have specifically held that, to allege liability against the insurer under [§ 66-1,128], plaintiff must allege the filing and approval of the liability insurance policy with the [Kansas Corporation Commission]." Cooper v. Old

Dominion Freight Line, Inc., 781 F. Supp. 2d 1177, 1185 (D. Kan. 2011) (citing Dechand, 732 F. Supp. at 1121); see also Fitzgerald v. Thompson, 204 P.2d 756, 758-59 (Kan. 1949). Plaintiff has not alleged the filing and approval of the liability insurance policy with the Kansas Corporation Commission in his First Amended Complaint.

Because dismissal is a harsh remedy, courts should allow leave to amend if it is possible for the plaintiff to correct the pleading defect. See Aguirre v. Cont'l W. Ins. Co., No. 91-1520-K, 1992 WL 223851, at * 3 (D. Kan. Aug. 31, 1992). In its December 18, 2012 order, the Court extended the deadline to amend the pleadings to January 22, 2013. Therefore, Plaintiff shall file an amended complaint by that date properly pleading the filing and approval of the liability insurance policy. A failure to do so will result in the dismissal of Continental from this lawsuit.

## III. CAPITAL EXPRESS' MOTION TO DISMISS

Defendant Capital Express has moved to dismiss Plaintiff's statutory claim for damages and attorney fees under K.S.A. § 66-176. Section 66-176 provides that:

> Any public utility or common carrier which violates any of the provisions of law for the regulation of public utilities or common carriers shall forfeit, for every offense, to the person, company or corporation aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees, to be fixed by the court.

Plaintiff alleges that Capital Express violated laws regulating common carriers and thus is liable to Plaintiff under § 66-176 for actual damages, reasonable attorney fees and costs. Capital Express argues that § 66-176 extends no substantive right that authorizes Plaintiff to file a claim for attorney fees in Missouri, therefore dismissal of this claim is

appropriate.

In diversity cases, this Court applies state substantive law. See Schwan's Sales Enters., Inc. v. SIG Pack, Inc., 476 F.3d 594, 595 (8th Cir. 2007) (citing Erie R.R. Co., 304 U.S. at 78). The issue of attorney fees is a substantive matter of state law for the purposes of Erie. See Lamb Eng'g & Constr. Co. v. Neb. Pub. Power Dist., 103 F.3d 1422, 1434 (8th Cir. 1997).

However, this does not answer the question of whether K.S.A. § 66-176 is applicable here. See Ferrell v. W. Bend Mut. Ins. Co., 393 F.3d 786, 796-97 (8th Cir. 2005) (noting the "conclusion that the matter of attorney's fees is 'substantive' for purposes of Erie—such that state rather than federal law governs—does not necessarily establish that the issue of attorney's fees is 'substantive' rather than 'procedural' for purposes of conflict of laws" (citing Sun Oil Co. v. Wortman, 486 U.S. 717, 726 (1988) and Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency, 174 F.3d 1115, 1118 (10th Cir. 1999))); see also Schwan's Sales Enters., 476 F.3d at 596. "A fundamental principle of conflicts [of law] is that a forum state will . . . choose the applicable *substantive* law according to its own conflicts of law doctrines." Ernst v. Ford Motor Co., 813 S.W.2d 910, 921 (Mo. Ct. App. 1991) (emphasis added). Capital Express argues that K.S.A. § 66-176 is not a substantive law, therefore it does not apply in a court located in Missouri.

Missouri courts have explained the difference between procedural and substantive law; however, the courts have generally done so in the context of determining whether a new statute or rule should operate retrospectively, not in the context that arises here.

Nonetheless, Missouri courts have stated that:

> Procedural law prescribes a method of enforcing rights or obtaining redress for their invasion; substantive law creates, defines and regulates rights; the distinction between substantive law and procedural law is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit.

Wilkes v. Mo. Highway & Transp. Comm'n, 762 S.W.2d 27, 28 (Mo. 1988); see also Hess v. Chase Manhattan Bank, 220 S.W.3d 758, 769 (Mo. 2007); Dalba v. YMCA of Greater St. Louis, 69 S.W.3d 137, 140 (Mo. Ct. App. 2002) (stating that "[a]mendments to statutes affecting the measure of damages are not necessarily procedural").

No Kansas court has specifically addressed whether K.S.A. § 66-176 is substantive or procedural under Kansas law, but Kansas courts have held that this statute confers an individual right of action to an injured party. See United Cities Gas Co. v. Brock Exploration Co., 995 F. Supp. 1284, 1291 (D. Kan. 1998); Beadle v. Kan. City, F.S.&M. R.R. Co., 32 P. 910, 911 (Kan. 1893); Dietz v. Atchison, Topeka & Sante Fe Ry. Co., 823 P.2d 810, 815 (Kan. Ct. App. 1991) (holding that a plain reading of the statute indicates the legislature clearly intended to create an individual right of action against a common carrier, and that this right was in addition to the potential imposition of other penalties).

Applying Missouri's definitions of substantive and procedural law, the Court finds that § 66-176 is a substantive law and therefore applies in this action. The statute does more than prescribe a method for obtaining costs and attorney fees for an injured party, it confers a right to the injured party to bring an action. Accordingly, the Court disagrees with Capital Express that Plaintiff's statutory claim is based on a procedural law and

Capital Express' motion to dismiss is denied.[3]

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) Defendant Continental Casualty Company's Motion to Dismiss for Failure to State a Claim (Doc. 46) is DENIED;

(2) Plaintiff shall file an amended complaint by January 22, 2013 properly pleading the filing and approval of the liability insurance policy; and

(3) Defendant Capital Express, Inc.'s Motion to Dismiss Plaintiff's Statutory Claim for Damages and Attorney Fees Under K.S.A. 66-176 for Failure to State a Claim (Doc. 51) is DENIED.

SO ORDERED.


Date:   January 10, 2013                                /s/ Dean Whipple
                                                        Dean Whipple
                                                        United States District Judge

---

[3] To the extent that Capital Express argues that Plaintiff cannot bring this statutory claim until the Kansas Corporation Commission has determined that Capital Express violated a law regulating common carriers, the Court disagrees. The Kansas Court of Appeals has held that there is no administrative remedy available for a private party who suffers actual damages and brings suit pursuant to § 66-176. See W. Kan. Express, Inc. v. Dugan Truck Line, Inc., 720 P.2d 1132, 1133 (Kan. Ct. App. 1986).